UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| AMBER WHITE, | ) |
|     Plaintiff, | ) |
| v. | )   Case No.: |
| PREDICTIVEHR, INC.., | ) |
|     Defendant. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, AMBER WHITE ("Plaintiff" or "White"), files her Complaint against the Defendant, PREDICTIVEHR, INC. ("Defendant" or "PHR"), and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages and injunctive relief, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e, *et seq., as amended* by the Pregnancy Discrimination Act of 1978 (hereinafter "Title VII"), and the Pregnant Workers Fairness Act of 2022, 42 U.S.C. §§ 2000gg *et seq.* ("PWFA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of her pregnancy leading to her unlawful termination.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII, and the PWFA.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

**THE PARTIES**

4. Plaintiff, White, is a citizen of the United States was at all times material, a resident of the State of North Carolina.

5. Defendant, PHR, is a For-Profit Corporation operating in this District with its principal place of business located at 83 Blue Hills Parkway, Milton, Massachusetts, 02186.

6. Plaintiff worked in a remote position for Defendant and reported to Defendant in its Milton, Massachusetts office.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

8. Plaintiff has complied with all statutory prerequisites to filing this action.

**PROCEDURAL REQUIREMENTS**

9. On or about December 29, 2023, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on pregnancy and disability discrimination and retaliation.

10. Plaintiff's EEOC charge was timely filed after the unlawful employment practices occurred.

11. On May 31, 2024, the EEOC issued Plaintiff a Dismissal and Notice of Rights as to

2

Plaintiff's charge of pregnancy discrimination and retaliation.

12. This complaint was filed within ninety (90) days of the EEOC's issuance of the Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

13. Plaintiff was employed by Defendant on or about October 3, 2022 as a full-time employee working or exceeding forty hours per week.

14. At the time of her separation from Defendant, Plaintiff held the position of Project Manager Consultant.

15. In May 2023, Plaintiff discovered she was pregnant.

16. Plaintiff informed Melinda Warger, Senior Director of Strategic Consulting for Defendant, of her pregnancy.

17. Plaintiff's expected due date was January 19, 2024, and Plaintiff informed Defendant of the same.

18. Plaintiff was set to begin maternity leave in early January 2024.

19. Since informing Defendant of her pregnancy, Plaintiff noticed that Defendant was treating Plaintiff differently.

20. For example, in late August 2023, two of Plaintiff's projects were assigned to other employees without reason or notice.

21. Plaintiff raised concerns to Nicholas Costanzo, Delivery Manager for Defendant, in early September 2023, stating Plaintiff felt discriminated against due to her pregnancy, but no remedial action was taken.

22. On or about October 2, 2023, Defendant terminated Plaintiff's employment under pretext, without following its typical progressive discipline process.

23. The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

24. Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

25. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

26. Plaintiff has been damaged by Defendant's illegal conduct.

27. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Sex, Including Pregnancy and Maternity Based Discrimination in Violation of Title VII *as amended by* the Pregnancy Discrimination Act of 1978**

28. Plaintiff re-alleges and adopts, as if fully set forth here, the allegations stated in Paragraphs 1-27 above.

29. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female, including pregnancy.

30. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex, including pregnancy and maternity with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

31. Defendant violated Title VII by unlawfully terminating and discrimination against Plaintiff based on her sex including pregnancy and maternity as compared to male employees and female employees who were not pregnant.

**Count II: Retaliation in Violation of Title VII *as amended by* the Pregnancy**

**Discrimination Act of 1978**

32. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

33. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female, including pregnancy.

34. Plaintiff exercised, or attempted to exercise, her rights under Title VII.

35. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, her Title VII rights.

36. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

37. Plaintiff was injured due to Defendant's willful violations of Title VII, to which she is entitled to legal relief.

**Count III: Failure to Accommodate in Violation of the PWFA**

38. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27, above.

39. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the PWFA

40. At all times relevant to this action, Plaintiff was a qualified individual with a physical and mental condition related to, affected by, and arising out of her pregnancy within the meaning of the PWFA.

41. Plaintiff was able to perform the essential functions of her job at the time of her termination.

42. Defendant is required under the PWFA to engage in the interactive process and provide reasonable accommodations for Plaintiff's pregnancy.

43. Defendant failed to reasonably accommodate Plaintiff or engage in the interactive process.

44. Defendant's discriminatory conduct, in violation of the PWFA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

45. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

46. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count IV: Retaliation in Violation of the PWFA

47. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27, above.

48. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the PWFA.

49. At all times relevant to this action, Plaintiff was a qualified individual with a physical and mental condition related to, affected by, and arising out of her pregnancy within the meaning of the PWFA.

50. Plaintiff was able to perform the essential functions of her job at the time of her termination.

51. Defendant intentionally retaliated against Plaintiff based on her request for reasonable accommodations pursuant to her pregnancy.

52. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the PWFA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and

emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

53.     Defendant's unlawful conduct in violation of the PWFA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)     Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b)     Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c)     Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
**/s/ Gary Martoccio**
Gary Martoccio, Esq.
BBO# 692509
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com
*Counsel for Plaintiff*